Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| HERIBERTO GARCÍA PARRA<br>Peticionario<br><br>v.<br><br>JOHAN M. DÁVILA RIVERA EN SU CARÁCTER PERSONAL E INDIVIDUAL, JANE DOE EN SU CARÁCTER PERSONAL E INDIVIDUAL<br>Recurridos | KLCE202400220 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2022CV04226<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante nosotros el señor Heriberto García Parra (señor García Parra o peticionario), quien se encuentra confinado, mediante recurso de *certiorari*, solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 30 de marzo de 2023.[1] Mediante el referido dictamen, el foro primario desestimó la demanda presentada por el peticionario, al concluir que le era aplicables las doctrinas de impedimento colateral e inmunidad condicionada, además de haber dejado de exponer una reclamación que justificara la concesión de un remedio.

Por los fundamentos que expresamos a continuación, desestimamos el recurso por falta de jurisdicción.

---

[1] Notificada el 31 de marzo de 2023. *Véase* la entrada número 36 del expediente digital del caso que obra en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

NÚMERO IDENTIFICADOR

SEN2024_____

## I. Resumen del tracto procesal

El 12 de mayo de 2022, el señor García Parra presentó una *Demanda* por daños y perjuicios contra la señora Johan Dávila Rivera (señora Dávila Rivera o recurrida), Técnica Sociopenal del Departamento de Corrección y Rehabilitación (DCR).[2] En esencia, adujo que el 8 de febrero de 2022 asistió a una cita médica y le asignaron a la señora Dávila Rivera como su técnica sociopenal. Arguyó que, estando en la cita médica, la recurrida tuvo una conducta "áspera, contumaz y antipática".[3] Además, alegó que la señora Dávila Rivera le indicó que "[él] era de difícil manejo por lo que tendría que afrontar las consecuencias".[4] El peticionario añadió que ese mismo día le hizo entrega a la recurrida de una la lista de las personas que podían visitarlo, (al lugar donde estaba confinado), entre los que se encontraban su hijo y ex esposa.[5]

Continuó alegando el peticionario que, el 26 de febrero de 2023, no le permitieron la entrada a la persona que lo fue a visitar, (su hijo), pues los nombres de las personas que lo podían visitar no aparecían en su expediente, ni en algún otro documento.[6] Afirmó que tal omisión le había ocasionado daños y angustias mentales, por lo cual, solicitó cuarenta cinco mil dólares ($45,000) como indemnización.

En respuesta, el 15 de diciembre de 2022, el Estado Libre Asociado compareció en representación de la señora Dávila Rivera, mediante *Moción de Desestimación.* En síntesis, argumentó que procedía la desestimación por: (1) aplicar la doctrina de impedimento colateral por sentencia, al existir una determinación administrativa final sobre el asunto; (2) aplicar la doctrina de inmunidad condicionada, pues la señora Dávila Rivera se encontraba al momento de los hechos realizando las funciones de su puesto de trabajo; y (3) por ser las alegaciones

---

[2] *Véase* la entrada número 1 del expediente digital del caso que obra en *SUMAC.*
[3] *Íd.,* pág. 2.
[4] *Íd.*
[5] *Íd.,* pág. 3.
[6] *Íd.,* pág. 5.

especulativas y no justificarse la concesión de un remedio administrativo.

Visto lo anterior, el TPI le concedió al peticionario treinta días para expresarse sobre la *Moción de Desestimación.*[7]

A raíz de esto, el 25 de enero de 2023, el peticionario presentó *Réplica a Moción de Desestimación.*[8] Esgrimió que no aplicaba la doctrina de inmunidad condicionada, puesto que la recurrida incurrió en conducta dolosa o maliciosa.

Posteriormente, el 28 de febrero de 2023, el peticionario también instó un *Memorando en apoyo a réplica de moción de desestimación.* En lo pertinente, argumentó que no aplicaba la doctrina de impedimento colateral porque presentó dos acciones en foros distintos, el judicial y el administrativo.[9]

El **30 de marzo de 2023**,[10] el TPI emitió *Sentencia* desestimando la causa de acción. Acogiendo los argumentos presentados por la parte recurrida en la moción dispositiva presentada, el foro primario desestimó la causa de acción incoada por el apelante pues: (1) aplicaba la doctrina de impedimento colateral, dado que había una determinación administrativa final y firme que atendía el mismo asunto; (2) aplicaba la doctrina de inmunidad condicionada, en vista que la recurrida se encontraba realizando las funciones de su puesto; y (3) la reclamación no justificaba la concesión de un remedio, pues las alegaciones resultaban especulativas.

---

[7] *Véase* la entrada número 22 del expediente digital del caso que obra en *SUMAC.*
[8] *Véase* la entrada número 27 del expediente digital del caso que obra en *SUMAC.*
[9] *Véase* la entrada número 33 del expediente digital del caso que obra en *SUMAC.*
[10] Notificada el 31 de marzo de 2023.

Inconforme, el señor García Parra presentó oportuna *Moción en Solicitud de Reconsideración,*[11] que fue declarada *No Ha Lugar* **el 23 de mayo de 2023**.[12]

No obstante, el 19 de enero de 2024, el señor García Parra presentó una *Moción solicitando el estatus de los procedimientos.*[13] En su brevísima moción ante el tribunal *a quo*, el peticionario aludió a la referida *Demanda* por daños y perjuicios, aduciendo desconocer el estatus en que se encontraba su causa de acción.

En respuesta, el 23 de enero de 2024,[14] el TPI emitió una *Orden* indicando lo siguiente:

> El caso está terminado. El Tribunal dictó Sentencia el 30 de marzo de 2023, notificada el 31 de marzo de 2023. Además, se dictó Resolución sobre la reconsideración solicitada por el demandante el 23 de mayo de 2023, **notificada el 25 de mayo de 2023**. **El demandante fue notificado debidamente de todas las determinaciones, por lo que no hay asuntos pendientes**.[15] (Énfasis provisto).

Inconforme, el peticionario acude ante nosotros mediante recurso de *certiorari*, señalando que el TPI incidió **al desestimar la *Demanda* presentada**.

Antes de considerar los méritos de la controversia planteada, estamos obligados a considerar un asunto jurisdiccional.

## II. Exposición de Derecho

### A. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 372, 385 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media*

---

[11] *Véase* la entrada número 37 del expediente digital del caso que obra en *SUMAC*. En SUMAC consta como fecha de anotación el 4 de mayo de 2023, sin embargo, de la moción surge que el peticionario la realizó el 14 de abril de 2023.

[12] Notificada el 25 de mayo de 2023. *Véase* la entrada número 40 del expediente digital del caso que obra en *SUMAC*.

[13] *Véase* la entrada número 41 del expediente digital del caso que obra en *SUMAC.*

[14] Notificada el 25 de enero de 2024.

[15] *Véase* la entrada número 42 del expediente digital del caso que obra en *SUMAC.*

*v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings,* supra, pág. 234; *Shell v. Srio. Hacienda,* 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007).

Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar o denegar. *Mun. San Sebastián v. QMC,* 190 DPR 652, 660 (2014). En consonancia, no tenemos discreción para asumir jurisdicción donde aún no la hay. *Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc., supra.* En otras palabras, una apelación o un recurso prematuro, **al igual que uno tardío**, sencillamente **adolece del grave e insubsanable defecto de falta de jurisdicción**. (Énfasis provisto). *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 936 (2011).

Por su parte, la Regla 52.2(a) de Procedimiento Civil dispone, en lo pertinente, que el recurso de apelación para revisar sentencias ante el Tribunal de Apelaciones deberá ser presentado dentro del término jurisdiccional de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V, R. 52.2(a).

De igual forma, la Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13(A), dicta que las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera

Instancia se presentarán dentro del término jurisdiccional de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia.

### B. Desestimación

La Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, establece:

B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

**(1) que el Tribunal de Apelaciones carece de jurisdicción;**

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
(3) que no se ha presentado o proseguido con diligencia o de buena fe;
(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
(5) que el recurso se ha convertido en académico.

**(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.** *Íd.* (Texto omitido del original) (Énfasis nuestro).

## III. Aplicación del Derecho a los hechos

Según expusimos, la Regla 52.2(a) de Procedimiento Civil, *supra*, le concede a la parte apelante **un término jurisdiccional** de treinta días, a partir de la notificación del dictamen apelado, para acudir ante este Tribunal de Apelaciones mediante recurso de apelación.

Según subrayamos en el tracto procesal, emitida la *Sentencia* cuya revocación se nos solicita el 30 de marzo de 2023, notificada el 31 de marzo de 2023, el peticionario presentó oportuna petición de reconsideración. La presentación oportuna de una reconsideración tiene el efecto de suspender los términos para recurrir en alzada, hasta que el

Tribunal de Primera Instancia disponga finalmente de dicha moción. *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1005, 1006 (2015). Sin embargo, **emitida la denegatoria de la moción de reconsideración el 23 de mayo de 2023, el plazo para acudir en alzada a través del recurso de apelación inició a partir de su notificación el 25 de mayo de 2023**. Por tanto, el plazo jurisdiccional de treinta días para presentar el recurso de apelación **venció el 24 de junio de 2023**, último día que el señor García Parra podía instarlo.

Sin embargo, a pesar de que el término para presentar un recurso de apelación ante nosotros sobre la *Sentencia* que desestimó su causa de acción venció el 24 de junio de 2023, el peticionario instó el recurso que está ante nuestra atención el **21 de febrero de 2024**, habiendo transcurrido en exceso el término jurisdiccional de treinta días que tenía para ello. Es decir, al momento de la presentación del recurso ante nosotros, ya la Sentencia apelada había advenido en final y firme.

Sobre lo dicho, debemos aclararle al peticionario que la *Moción solicitando estatus de los procedimientos* que instó ante el TPI el 19 de enero de 2024, no tuvo efecto paralizante alguno en el término jurisdiccional de treinta días con el que contaba para presentar recurso de apelación ante nosotros, si interesaba la revocación de la *Sentencia* emitida por el foro primario el 30 de marzo de 2023. Precisamente por lo hasta aquí dicho, es que en la *Orden* emitida por el tribunal *a quo* el 23 de enero de 2024, dicho foro instruyó al señor García Parra sobre el hecho de que el caso estaba terminado, y había sido notificado debidamente a las partes tanto la *Sentencia,* como la denegatoria a la Moción de reconsideración.

Finalmente, aunque el peticionario nombra el presente recurso como uno *certiorari,* lo correcto hubiese sido identificarlo como uno de

apelación, pues pretendía la revocación de la *Sentencia* dictada por el TPI el 30 de marzo de 2023, según ya explicamos.

En definitiva, el presente recurso fue presentado habiéndose superado con creces el término de treinta días que la ley dispone para ello, por lo que nos privó de jurisdicción para considerarlo. En consecuencia, solo nos corresponde desestimarlo, por falta de jurisdicción ante su presentación tardía.

## IV.  Parte dispositiva

Por los fundamentos expuestos, se ordena la desestimación del recurso presentado, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones